**UNITED STATES v. 23.263 ACRES OF LAND IN PIERCE CO. et al.**

**No. 385.**

District Court, W. D. Washington, S. D.

May 4, 1942.

J. Charles Dennis, U. S. Atty., and John W. Fishburne, Asst. U. S. Atty., both of Tacoma, Wash., for the United States.

Neal, Bonneville & Hughes, of Tacoma, Wash., for respondent Peterman Mfg. Co.

BOWEN, District Judge.

Here, the Government has, pursuant to the new Second War Powers Act of March 27, 1942, Chapter 199—2d Session (Public Law 507—77th Congress), Title II, 1942 United States Code Congressional Service, page 244, 50 U.S.C.A.Appendix § 632, filed a petition for condemnation with a certificate of the Chairman of the Maritime Commission that possession of the property is necessary on June 1, 1942, and asking that possession be given on that date. The Court is left to proceed to determine judicially the just compensation to be paid for the taking but no request for such determination before the taking of possession is made by the Government, and the Government contends that no such advance determination need be made in this proceeding under this new wartime statute.

Respondent property owners object to these proceedings and to the taking of possession before just compensation is determined and paid on the ground that under a general act of Congress as to procedure, 40 U.S.C.A. § 258, the State Constitution applies and requires that just compensation be determined and paid before possession can be taken by the Government.

It is possible that experience under the Federal Constitution which does not require the Government to pay just compensation before taking possession may have inspired the framers of the State Constitution to provide for such advance payment. But Congress under the Federal Constitution may make reasonable provision for the exercise by the Government of its power of eminent domain. In enacting the new Act of March 27 1942, Congress has provided as substantive law how in wartime property may be taken for public use. In wartime the right of possession and the time of taking possession are of the very essence of the power of eminent domain possessed by the Government, and such right of possession cannot properly be conditioned upon a mode of procedure provided by state law inconsistent with the express provisions of the Congressional Act of March 27, 1942.

Some of us as individuals might think that the Chairman of the Maritime Commission might just as well have selected June 15th or some other date instead of June 1st as the date for taking possession, but Congress has bestowed that discretion upon the Maritime Commission, not upon the Court, and it is not for the Court to rule, in the absence of arbitrary exercise of such discretion, that the exercise of it by the Chairman should be set aside. Whether or not I or any one might be entirely satisfied with the results to the Peterman Manufacturing Company or any citizen whose property is taken under this new statute as compared with results to the property owner when property is taken under other statutes seems to me beside the point. Under the law

Peterman Manufacturing Company will have its remedy and day in court in this case to later have its just compensation determined.

Considering all that has been shown to the Court on this question, I believe there exists no legal basis upon which the Court could rest its action in preventing the Maritime Commission from taking possession of this property in this proceeding on the 1st of June, as the Commission has decided to do.

The objections of respondents, Peterman Manufacturing Company et al., to petitioner's motion for an order of possession, therefore, should be overruled and that will be the order.

The foregoing will in all respects take the place of the court's oral decision announced from the bench on May 4, 1942.